# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 21284460
Date Processed: 03/17/2020

| | |
|---|---|
| **Primary Contact:** | Dean Robertson Esq.<br>Vitas Healthcare Corporation<br>201 S Biscayne Blvd<br>Ste 400<br>Miami, FL 33131-4324 |
| **Electronic copy provided to:** | Rena Damas |
| **Entity:** | Vitas Healthcare Corporation<br>Entity ID Number  1615164 |
| **Entity Served:** | Vitas Healthcare Corporation |
| **Title of Action:** | Rosa Zambrano vs. Vitas Healthcare Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2020-003950 CAOL |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 03/16/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Max L. Horowitz<br>305-416-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 104245948 E-Filed 03/03/2020 01:03:04 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ROSA ZAMBRANO,

    Plaintiff,

v.

CASE NO.: 2020-003950 CA 01

VITAS HEALTHCARE CORPORATION,

    Defendants.

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 3/6/20 TIME 10:50

_____/

## SUMMONS IN A CIVIL CASE

TO:    VISTA HEALTHCARE CORPORATION,
*through its Registered Agent:*
**CORPORATION SERVICE COMPANY**
1201 Hays Street
Tallahassee, FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

219401

3/6/2020

CLERK                                                      DATE

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ROSA ZAMBRANO,

    Plaintiff,                               CASE NO.: 2020-003950 CA 0L

v.

VITAS HEALTHCARE CORPORATION,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ROSA ZAMBRANO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants VITAS HEALTHCARE CORPORATION (collectively, "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the common law.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action a resident of Broward County Florida.

4. Defendant, VISTA HEATHCARE CORPORATION is a Florida Limited Liability Company, conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Defendants employed Plaintiff from on or about February, 2010 through on or about May, 2019 at their facility located in Miami-Dade County, Florida.

9. Throughout her employment, however, Plaintiff regularly worked in excess of forty (40) hours per week in a given workweek.

10. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

11. Plaintiff was not paid at the proper regular and overtime rate for hours worked in excess of forty (40) per week, as a proscribed by the laws of the United States.

12. Specifically, Plaintiff worked forty-five (45) hours that were not compensated at all by Defendant.

## COUNT I
### *FLSA Violation against VISTA HEALTHCARE CORPORATION*

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

15. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

16. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

17. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

18. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

19. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant. as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 2/17/20

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Email: agp@rgpattorneys.com
   mhorowitz@rgpattorneys.com